Scott M. Grace S.B.N. 236621
Luftman, Heck & Associates, LLP
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
sgrace@lawlh.com
Phone: 619-346-4600
Fax:  619-923-3661


Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD SCHWEIHS,<br><br>        Plaintiff,<br><br>     vs.<br><br>AMERICREDIT FINANCIAL SERVICES, INC., a corporation, and GM FINANCIAL COMPANY, INC., a corporation, and DOES 1-10,<br><br>       Defendants, | Case No.: '16CV2977 L     NLS<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.      This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, TODD SCHWEIHS, (hereinafter PLAINTIFF) against AMERICREDIT FINANCIAL SERVICES, INC. (hereinafter AMERICREDIT), and GM FINANCIAL COMPANY, INC. (hereinafter GM FINANCIAL), and Does 1-10, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the California Rosenthal Fair

Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq*. (hereinafter "Rosenthal Act") both of which prohibit debt collectors and debt buyers from engaging in abusive, deceptive and unfair practices.

2.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

4.      This action arises out of Defendants' repeated violations of the FDCPA under 15 U.S.C. §1692, *et seq*., and repeated violations of the California Rosenthal Act under Cal. Civ. Code §1788, *et seq*.

5.      Jurisdiction arises pursuant to 15 U.S.C. §1692(k)(d), and 28 U.S.C. §1367 for supplemental state claims.

6.      As Defendants do business in the state of California, and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendants for purposes of this action.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## THE PARTIES

8.      Plaintiff is a natural person residing in San Diego, California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that he is a natural person purportedly obligated to pay a credit card debt, allegedly owed to GM FINANCIAL (hereinafter "Debt") and a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h) of the California Rosenthal Act and the California Fair Debt Buying Act.

9.      Defendant GM FINANCIAL is a corporation with its principal place of business in Fort Worth, Texas.

10.     At all times relevant herein, GM FINANCIAL was a company engaged, by use of the mails and/or telephone in the business of collecting debts, as defined by 15 U.S.C. §1692a(5) of the FDCPA.

11.     Defendant AMERICREDIT is a debt collector with its principal place of business in Fort Worth, Texas.

12.     AMERICREDIT regularly attempts to collect debts alleged to be due another and is therefore a debt collector within the meaning of 15 U.S.C. §1692a(6) of the FDCPA and Cal. Civ. Code §1788.2(c) of the Rosenthal Act.

## FACTUAL ALLEGATIONS

13.     At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

14.     At all times relevant to this matter, Defendants conducted business within the state of California.

15.     Sometime before November 10, 2015, Plaintiff allegedly became delinquent in the payment on a debt allegedly owed to GM FINANCIAL.

16.     The alleged debt was for money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and is therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

17.     Prior to November 10, 2015, the alleged debt was assigned, placed, or otherwise transferred to Defendant AMERICREDIT for collection on behalf of Defendant GM FINANCIAL.

18.     On or about November 10, 2015, Defendants GM FINANCIAL and AMERICREDIT began contacting Plaintiff on his personal cellular telephone with the phone number (xxx) xxx-3790.

19.     On or about November 10, 2015, Defendant(s) GM FINANCIAL and/or AMERICREDIT called Plaintiff on his cellular telephone at 7:31 a.m. Pacific Standard Time, and continued to call Plaintiff repeatedly prior to 8:00 a.m. Pacific Standard Time. Plaintiff advised the caller that it was prior to 8:00 a.m. and instructed Defendant to stop calling him so early.

20.     Despite previously being instructed by Plaintiff to stop contacting him so early, on or about November 11, 2015, Defendant(s) GM FINANCIAL and/or AMERICREDIT called Plaintiff again on his cellular telephone at 6:03 a.m. Pacific Standard Time.

21.     Despite previously being instructed by Plaintiff to stop contacting him so early, on or about November 21, 2015, Defendant(s) GM FINANCIAL and/or AMERICREDIT called Plaintiff again on his cellular telephone at 7:33 a.m. Pacific Standard Time.

22.     Despite previously being instructed by Plaintiff to stop contacting him so early, on or about February 8, 2016, Defendant(s) GM FINANCIAL and/or AMERICREDIT called Plaintiff again on his cellular telephone at 7:09 a.m. Pacific Standard Time.

23.     Despite previously being instructed by Plaintiff to stop contacting him so early, on or about February 19, 2016, Defendant(s) GM FINANCIAL and/or AMERICREDIT called Plaintiff again on his cellular telephone at 6:18 a.m. Pacific Standard Time.

24.     Despite previously being instructed by Plaintiff to stop contacting him so early, on or about February 22, 2016, Defendant(s) GM FINANCIAL and/or AMERICREDIT called Plaintiff again on his cellular telephone at 6:43 a.m. Pacific Standard Time.

25.     On or about February 27, 2016, 2016, Defendant GM FINANCIAL sent a Billing Statement to Plaintiff at his address located in San Diego, CA (EXHIBIT 1). This action indicates the Defendants had constructive and actual notice that Plaintiff resided in the Pacific Time zone, and thus indicates that Defendants' inappropriate actions were undertaken knowingly.

26.     On or about March 27, 2016, 2016, Defendant GM FINANCIAL sent another Billing Statement to Plaintiff at his address located in San Diego, CA (EXHIBIT 2). This action indicates the Defendants had constructive and actual notice that Plaintiff resided in the Pacific Time zone, and thus indicates that Defendants' inappropriate actions were undertaken knowingly.

27.     Despite previously being instructed by Plaintiff to stop contacting him so early, and despite knowing that Plaintiff resides in the Pacific Time Zone, on or about March 30, 2016, Defendant(s) GM FINANCIAL and/or AMERICREDIT called Plaintiff again on his cellular telephone at 6:18 a.m. Pacific Standard Time.

28.     Despite previously being instructed by Plaintiff to stop contacting him so early, and despite knowing that Plaintiff resides in the Pacific Time Zone, on or about April 1, 2016, Defendant(s) GM FINANCIAL and/or AMERICREDIT called Plaintiff again on his cellular telephone at 6:18 a.m. Pacific Standard Time.

29.     Despite previously being instructed by Plaintiff to stop contacting him so early, and despite knowing that Plaintiff resides in the Pacific Time Zone, on or about November 11, 2015, Defendant(s) GM FINANCIAL and/or AMERICREDIT called Plaintiff again on his cellular telephone at 6:20 a.m. Pacific Standard Time.

30.     Despite previously being instructed by Plaintiff to stop contacting him so early, and despite knowing that Plaintiff resides in the Pacific Time Zone, on or about April 4, 2016, Defendant(s) GM FINANCIAL and/or AMERICREDIT called Plaintiff again on his cellular telephone at 6:11 a.m. Pacific Standard Time.

31.     Despite previously being instructed by Plaintiff to stop contacting him so early, and despite knowing that Plaintiff resides in the Pacific Time Zone, on or about April 5, 2016, Defendant(s) GM FINANCIAL and/or AMERICREDIT called Plaintiff again on his cellular telephone at 7:07 a.m. Pacific Standard Time.

32.     Despite previously being instructed by Plaintiff to stop contacting him so early, and despite knowing that Plaintiff resides in the Pacific Time Zone, on or about April 6, 2016, Defendant(s) GM FINANCIAL and/or AMERICREDIT called Plaintiff again on his cellular telephone at 6:06 a.m. Pacific Standard Time.

33.     Despite previously being instructed by Plaintiff to stop contacting him so early, and despite knowing that Plaintiff resides in the Pacific Time Zone, on or about April 8, 2016, D Defendant(s) GM FINANCIAL and/or AMERICREDIT called Plaintiff again on his cellular telephone at 6:20 a.m. Pacific Standard Time.

34.     By communicating with Plaintiff, as stated above, before 8:00 a.m., a presumptively and actually inconvenient time under 15 U.S.C. §1692c(a)(1), Defendants violated 15 U.S.C. §1692c(a)(1).

35.     By engaging in the foregoing conduct the natural consequence being harassment and oppression of Plaintiff in connection with the collection of a debt, Defendants violated 15 U.S.C. §1692d.

36.     Plaintiff was harmed by the acts of Defendants because the repeated calls to Plaintiff in the early morning while he was still asleep were made with the intent to annoy, abuse and/or harass, and caused Plaintiff stress, anxiety, loss of sleep, and overall diminished abilities to carry on activities of daily living.

37.     At all times herein, Defendants were attempting to collect, from Plaintiff, a debt as defined by 15 U.S.C. §1692a (5) of the FDCPA and a consumer debt as defined by Cal. Civil Code §1788.2(f) of the Rosenthal Act.

## **FIRST CLAIM FOR RELEIF**

### **(Violations of the FDCPA)**

38.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

39.     Defendants GM FINANCIAL and AMERICREDIT violated the FDCPA. The violations include, but are not limited to, the following:

(1) communicating with the consumer at any unusual time or place or time or place known or which should have been known to be inconvenient to the consumer in violation of 15 U.S.C. §1692c(a)(1) of the FDCPA;

(2) engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692d.

40.     As a result of the Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs of this action.

///
///
///

**SECOND CLAIM FOR RELEIF**

**(Claim for violations of the Rosenthal Act)**

41.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

42.     Defendants GM FINANCIAL and AMERICREDIT violated the Rosenthal Act including, but not limited to Cal. Civil Code §1788.17. Defendants' violations of Cal. Civil Code § 1788.17 of the Rosenthal Act (which incorporates provisions of the FDCPA) include, but are not limited to those enumerated in paragraph 39 above.

43.     Defendants' violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Cal. Civil Code § 1788.30(b) of the Rosenthal Act.

44.     As a proximate result of the violations of the Rosenthal Act committed by Defendants GM FINANCIAL and AMERICREDIT, Plaintiff is entitled to actual damages, statutory damages, reasonable attorney's fees and costs of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants GM FINANCIAL and AMERICREDIT, and for Plaintiff, and prays for the following relief:

1.     An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) of the FDCPA against Defendants and each of them;

2.     An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) of the FDCPA against Defendants and each of them;

3.     An award of actual damages pursuant to Cal. Civ. Code §1788.30(a) of the Rosenthal Act, against Defendants and each of them;

4.     An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b) of the Rosenthal Act against Defendants and each of them.

5.     An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k (a) (3) of the FDCPA against Defendants and each of them and Cal. Civ. Code §1788.30(c) of the Rosenthal Act, against Defendants and each of them.

6.      Such other and further relief this court may deem just and proper.

## **TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 8, 2016                          Luftman, Heck and Associates
                                                 By s/ Scott M. Grace
                                                 Attorney for Plaintiff
                                                 Email: sgrace@lawlh.com